DAVIS v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 89634. Submitted November 12, 1986, at Lansing. Decided
January 23, 1987.

Ricky L. Davis brought an action in the Gratiot Circuit Court
seeking a declaratory judgment that State Farm Mutual Auto-
mobile Insurance Company was underpaying him for his work
loss resulting from an automobile accident. The dispute con-
cerns the computation of no-fault personal protection insurance
benefits for plaintiff's work loss, as defined in MCL 500.3107(b);
MSA 24.13107(b), and whether, and how, the loss of income
should be computed pursuant to MCL 500.3107a; MSA
24.13107(1), which applies to temporarily unemployed persons.
The trial court, Randy L. Tahvonen, J., granted defendant's
motion for summary disposition, finding that plaintiff was not a
"temporarily unemployed person" within the meaning of
§ 3107a. Plaintiff appeals.

The Court of Appeals *held:*

1. A party seeking work loss benefits under § 3107(b) must
show actual loss; a mere loss of earning capacity is not suffi-
cient.

2. The trial court had no reasonable basis to conclude that
plaintiff would have consistently performed full-time work had
he not been injured. Plaintiff's unemployment was not tempo-
rary.

Affirmed.

#### REFERENCES

Am Jur 2d, Automobile Insurance §§ 357, 361.

Am Jur 2d, Summary Judgment §§ 17, 18, 23, 25-27.

What constitutes sufficiently serious personal injury, disability,
impairment, or the like to justify recovery of damages outside of
no-fault insurance coverage. 33 ALR4th 767.

Validity and construction of "no fault" automobile insurance plans.
42 ALR3d 229.

See also the annotations in the Index to Annotations under Civil
Procedure Rules; Motions; No Fault Insurance; Summary Judg-
ment.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUES OF MATERIAL FACT — COURT RULES.

A trial court, on a motion for summary disposition on the ground that no genuine issue as to any material fact exists, must consider any affidavits, pleadings, depositions, admissions and documentary evidence then filed in the action, must give the benefit of any reasonable doubt to the opposing party and, before granting the motion, must find that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome; an opposing party may not rely solely upon allegations in the pleadings to resist such a motion (MCR 2.116[C][10]).

2. INSURANCE — NO-FAULT — WORK LOSS BENEFITS.

Work loss benefits are available under the no-fault act to compensate an injured person for the income he would have received but for his accident; a party seeking work loss benefits must show actual loss; a mere loss of earning capacity is not sufficient (MCL 500.3107[b]; MSA 24.13107[b]).

*Taylor, Pyscher & O'Neil, P.C.* (by *Daniel H. Pyscher*), for plaintiff.

*Fortino, Plaxton & Moskal* (by *John J. Moskal*), for defendant.

Before: R. B. BURNS, P.J., and GRIBBS and A. T. DAVIS,* JJ.

PER CURIAM. Plaintiff appeals from the trial court's grant of summary disposition, MCR 2.116(C)(10), in favor of defendant on plaintiff's claim for declaratory judgment.

Plaintiff suffered a disabling injury in an auto accident on December 13, 1982. He was not employed at the time of the accident.

The present dispute concerns the computation of no-fault personal protection insurance benefits for plaintiff's "work loss," defined in MCL 500.3107(b); MSA 24.13107(b) as "loss of income from work an

* Circuit judge, sitting on the Court of Appeals by assignment.

injured person would have performed during the first 3 years after the date of the accident if he had not been injured." Specifically, the parties dispute whether, and how, the loss of income should be computed pursuant to MCL 500.3107a; MSA 24.13107(1), which applies to "temporarily unemployed" persons and provides that "work loss [for such person] shall be based on earned income for the last month employed full time preceding the accident."

At the time of the auto accident on December 13, 1982, plaintiff had last been employed by farm owner Jerry Trask, from August 5, 1982, until October 17, 1982, at $3 per hour or $141 per week for a forty-seven-hour work week. Previously, plaintiff had "worked hay" for farmer Jerry Coy for ten eight-hour days at $3.50 per hour during June and July of 1982.

State Farm paid plaintiff work loss benefits through 1984 on the basis of his aggregate income for the last year before his disability, $1,690. On February 7, 1985, plaintiff filed a complaint for a declaratory judgment that defendant was underpaying him for his work loss. Specifically, plaintiff contended he was a "temporarily unemployed" person and that § 3107a entitled plaintiff to benefits computed on the basis of earned income of $141 per week, his earned income for the last month he worked a forty-hour week, or, as plaintiff contended, "full-time" as set by statute.

Defendant responded with a motion for summary disposition, claiming that plaintiff was not a "temporarily unemployed person" within the meaning of § 3107a and, as such, was entitled to an annual wage loss benefit based only on his aggregate income for the year preceding his liability. In support of its motion, defendant submitted

wage and salary verification forms completed by Trask and Coy.

The trial court found that work loss benefits were not properly payable computed on the basis of plaintiff's earned income for the last month in which he was employed full time:

> [Section] 3107a was designed to alleviate the hardship of temporary employment. The situation envisioned in the adoption of 3107 was that discussed, for example, in *Lewis v DAIIE,* 90 Mich App 251 [282 NW2d 794 (1979)]. An ordinary, full-time employee, worked for a living, worked full time and some overtime, was disabled and as a result was unable to work further. Prior to the disabling injury, however, he had been temporarily laid off and was temporarily unemployed.
>
> In that circumstance, 3107a provides that he's entitled to benefits, and the amount of the benefits is measured by the last month of regular, full-time employment.
>
> I don't think it's fair to characterize a seasonal worker as being temporarily unemployed during that period of time when he's not working because his unemployment is not only foreseeable but it's part of his general economic conditions. It's understood. He understands that he works seasonably, that he works only when the work is available; and his unemployment isn't temporary in the sense that it would be in *Lewis* and others.
>
> It seems to me that one cannot take a seasonably employed worker and treat him as a full-time wage earner because of the happening of a disabling injury.

Upon a motion for summary disposition on the ground that no genuine issue as to any material fact exists, the trial court must consider any affidavits, pleadings, depositions, admissions and documentary evidence then filed in the action. MCR 2.116(G)(3)(b); *Durant v Stahlin,* 375 Mich 628, 646;

135 NW2d 392 (1965) (SOURIS, J., concurring). In ruling on such a motion, the trial court, giving the benefit of any reasonable doubt to the opposing party, must find that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). An opposing party may not rely solely upon allegations in the pleadings to resist a motion for summary disposition based on MCR 2.116(C)(10).

We conclude that no material issue of fact presents itself from the pleadings and documentary evidence presented and that plaintiff, as a matter of law, has no entitlement to the benefits he seeks. First and foremost, this Court must aim to determine and give effect to the intent of the Legislature. *Dearborn National Ins Co v Comm'r of Ins,* 329 Mich 107; 44 NW2d 892 (1950).

Section 3107a, at issue, cannot be read in a vacuum. It provides that its provisions are "[s]ubject to the provisions of section 3107(b)," where "work loss" is defined as "consisting of loss of income from work an injured person would have performed . . . *if he had not been injured."*

The work loss benefits section of the no-fault act insures that work loss benefits are available to compensate injured persons for the income they would have received but for their accidents. Accordingly, a party seeking work loss benefits under § 3107(b) must show actual loss; a mere loss of earning capacity is not sufficient. *Struble v DAIIE,* 86 Mich App 245, 251, 255-256; 272 NW2d 617 (1978), lv den 406 Mich 885 (1979).

Similarly, with regard to persons employed for forty-hour weeks for certain periods during the year, this Court has rejected the computation of benefits as plaintiff urges here in the case of a college student who, although employed full time

in the summer, could not show he would be so employed during the school year. *Kennedy v Auto-Owners Ins Co,* 87 Mich App 93; 273 NW2d 599 (1978).

In the pleadings and documentary evidence before it, the trial court had no reasonable basis to conclude that plaintiff would have consistently performed full-time work had he not been injured. Plaintiff's employment history, that of a casual employee, defies such a conclusion. Plaintiff's unemployment was not temporary. Instead, any employment plaintiff obtained was temporary and, as noted by the trial court, his unemployment was foreseeable and a part of his general economic condition. For this reason, *Szabo v DAIIE,* 136 Mich App 9; 355 NW2d 619 (1983), cited by plaintiff, is distinguishable.

This Court need not concern itself today with deciding at what point a history of past employment raises a question of material fact as to whether benefits should be computed under § 3107a on the basis of a claimant's last full-time employment.

We do reject plaintiff's argument that the no-fault act grants him payment for wholly speculative economic loss as a quid pro quo for the no-fault act's limitations on tort liability.

The trial court's grant of summary disposition is affirmed.