CITY OF MANTON v RYDER

Docket No. 89384. Submitted February 11, 1987, at Grand Rapids. Decided December 8, 1987.

In December, 1981, Carol Ryder, treasurer of the City of Manton, embezzled $26,468.03 in tax receipts she had collected from Manton taxpayers. In March, 1982, Ryder paid to the Wexford County treasurer the amount of the embezzled tax receipts by misappropriating money from the city's general fund. In December, 1982, Ryder embezzled an additional $3,567.87 in tax receipts before being discovered. The City of Manton brought an action to recover the embezzled funds in Wexford Circuit Court against Carol Ryder and her husband, Clyde Ryder, the Wexford County treasurer, the County of Wexford, St. Paul Fire and Marine Insurance Company, Auto-Owners Insurance Company and various financial institutions. The city's claim against St. Paul Fire and Marine Insurance Company was based upon a short-term tax surety bond issued to Wexford County and payable upon the failure of the city treasurer to pay state, county and school taxes to the county treasurer. The claim against the county and the county treasurer was based upon an assertion that those defendants had a duty to provide a surety bond which protected the city from the malfeasance of the city treasurer. The claim against Auto-Owners Insurance Company was based upon a bond payable to the county upon the malfeasance of the county treasurer. Each of these defendants moved for summary disposition. The trial court, Frederick S. Krupp, J., granted the motions. Plaintiff appealed.

The Court of Appeals held:

1. The plaintiff was not an obligee under the surety bond issued by St. Paul Fire and Marine Insurance Company. The St. Paul policy was issued in accordance with a provision of the

REFERENCES

Am Jur 2d, Bonds § 39.

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 291-293.

Am Jur 2d, Public Officers and Employees §§ 506, 512, 534, 563-566.

Right of third person not named in bond or other contract conditioned for support of, or services to, another, to recover thereon. 11 ALR2d 1010.

General Property Tax Act which was designed to protect the county from loss upon the failure of a township or city treasurer to pay the county treasurer taxes collected on behalf of the county treasurer. That bond was not intended to protect any other persons or entities from any and all losses resulting from the misfeasance or malfeasance of a township or city treasurer.

2. The county and county treasurer had no obligation to secure a surety bond payable to the city for losses occasioned by the misfeasance or malfeasance of the city treasurer.

3. Since the county treasurer was not chargeable with the loss resulting from the city treasurer's actions, the city had no right to recover on the surety bond issued by Auto-Owners Insurance Company for losses occasioned by the failure of the county treasurer to faithfully discharge the duties of the office.

Affirmed.

TAXATION — CITY TREASURERS — COUNTY TREASURERS — SURETY.

A surety bond issued pursuant to the provision in the General Property Tax Act requiring that a city or township treasurer give a surety bond running to the county in the amount of the state, county and school taxes to be collected by the township or city treasurer conditioned on the payment to the county treasurer of those taxes and duly and faithfully performing the other duties of a township or city treasurer does not create in the township or city a right to recover under the bond for a loss occasioned by the misuse of the state, county and school taxes which had been collected by the local treasurer, nor does that provision place any obligation upon a county or the county treasurer to secure, or insist that the local treasurer secure, a surety bond running in favor of the local unit of government (MCL 211.43[2]; MSA 7.84[2]).

*Richard M. Van Orden,* for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Jon D. VanderPloeg),* for St. Paul Fire & Marine Insurance Company.

*Joseph G. Harris, Jr.,* for Wexford County and Wexford County Treasurer.

*Barney, Hofmann & Gano* (by *Steven L. Barney),* for Auto-Owners Insurance Company.

Before: R. M. MAHER, P.J., and SAWYER and R. L. TAHVONEN,* JJ.

R. L. TAHVONEN, J. The City of Manton sued to recover losses it suffered because of the embezzlement of tax moneys by its former treasurer, Carol Ryder. The trial court granted summary disposition to all defendants other than the Ryders pursuant to MCR 2.116(C)(8) and (10). The city appeals as of right and we affirm.

In December, 1981, Carol Ryder embezzled $26,468.03 in tax receipts she had collected from Manton taxpayers in her capacity as city treasurer. In March, 1982, Ryder paid the Wexford County Treasurer the amount of the tax receipts by misappropriating money from the city's general fund. At the beginning of the 1982 tax year, Ryder embezzled an additional $3,567.87 in tax receipts before being discovered.

After discovering Ryder's acts of embezzlement, the city filed this lawsuit, seeking to recover the missing moneys for the two tax years. In its complaint, the city claimed that St. Paul was liable for the $26,468.03 embezzled during December, 1981, because St. Paul was the surety on a short-term tax bond issued to the County of Wexford for the period of December 1, 1981, to April 15, 1982. The city claimed that it was an obligee under the bond, which listed Ryder as a principal and covered certain losses that might be sustained by Wexford County due to Ryder's failure to pay over state and county taxes to the county treasurer.

St. Paul denied liability in its answer, asserting that the city was neither a real party in interest nor an obligee under the blanket bond. St. Paul subsequently filed a motion for summary disposition pursuant to MCR 2.116(C)(10), contending that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

there was no genuine issue as to any material fact since St. Paul was bound only to the county and not to the city as a surety on the bond.

The city also filed a claim for the $3,567.87 embezzled from its 1982 tax receipts against the Wexford County Treasurer and the County of Wexford. The city alleged that the county treasurer's failure to provide a corporate surety bond protecting the city for the delivery of its 1982 tax receipts was a breach of the county treasurer's official duty and that the county and its treasurer was therefore liable for all losses proximately caused by that breach.

In response, the county and its treasurer filed a motion for summary judgment pursuant to GCR 1963, 117.2(1), now MCR 2.116(C)(8), claiming that the city had failed to state a claim upon which relief could be granted.

The city also claimed that Auto-Owners was liable for the $3,567.87 because it was a surety of an official bond issued to the county treasurer as principal and the county as obligee. Auto-Owners moved for summary disposition pursuant to MCR 2.116(C)(8) on the ground that the city had failed to state a claim upon which relief could be granted because the county was the sole obligee on the county treasurer's official bond, the purpose of which was to protect the county, rather than the city, from losses and wrongdoing.

After hearing arguments, the trial court issued its opinion granting defendants' motions. The circuit judge ruled that the city was not an obligee under the bond issued by St. Paul and that Wexford County and its treasurer did not owe plaintiff a duty to provide a bond. Therefore, plaintiff's claims against St. Paul, Wexford County and its treasurer, and Auto-Owners were dismissed.

I

On appeal, the city first claims that the circuit judge erred in finding that the city was not an obligee under the 1981 short-term bond issued by St. Paul. We disagree.

St. Paul moved for summary disposition pursuant to MCR 2.116(C)(10), claiming that there was no genuine issue of material fact. Such a motion tests the factual support for a plaintiff's claim. In ruling on the motion, the court must consider the affidavits submitted, pleadings, depositions, admissions and documentary evidence. MCR 2.116(G)(5). The party opposing the motion must show that a genuine issue of disputed fact exists. The test is whether, giving the benefit of any reasonable doubt to the nonmoving party, it is impossible for the claim to be supported at trial because of some deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 371-373; 207 NW2d 316 (1973); *Davis v State Farm Mutual Ins Co,* 159 Mich App 734; 407 NW2d 1 (1987).

The short-term tax bond issued by St. Paul was required by § 43(2) of the General Property Tax Act, MCL 211.43(2); MSA 7.84(2), which requires a city or township treasurer to give the county treasurer a bond. That section states in pertinent part:

> The *treasurer,* immediately upon authorization to raise money by taxation pursuant to an election held under section 36, or on or before the third day immediately preceding the day the taxes to be collected become a lien, *shall give to the county treasurer a bond running to the county in the actual amount of state, county, and school taxes,* except school taxes collected through a city treasurer, with sufficient sureties to be approved by the supervisor of the township and the county

treasurer, *conditioned that he or she will pay over to the county treasurer as required by law all state and county taxes,* . . . which he or she shall collect during each year of his or her term of office *and duly and faithfully perform all the other duties of the office of treasurer.* If a corporate surety bond is provided, then the bond shall be approved only by the county treasurer. [Emphasis added.]

Although the statute refers to a township treasurer, the word "township" includes "city" whenever the act speaks of property tax collection functions. MCL 211.107(2); MSA 7.161(2).

The bond issued by St. Paul is a statutory bond because it is required by statute. *Comm'r of Ins v Central West Casualty Co,* 301 Mich 427, 432; 3 NW2d 830 (1942). We construe a statutory bond in light of the statute which requires it, interpreting the bond according to the statute's purpose, intent and meaning. See *General Electric Credit Corp v Wolverine Ins Co,* 420 Mich 176, 191; 362 NW2d 595 (1985). As noted by the Court in *Comm'r of Ins, supra,* p 432:

A statutory bond is one commanded or provided by statute. In such a bond, the existing law becomes a part of the bond, omitted conditions required by law are read into the bond and conditions contrary to the law are read out of it. The doctrine of "what is omitted will be read in and what is in conflict will be read out" applies only to bonds required by statute.

The city here argues that the statute requires that the bond insure the public for any acts of malfeasance by township or city treasurers. In support of its argument, the city cites the language of § 43(2) that requires that the bond contain sufficient sureties that the local treasurer will

pay over the tax receipts to the county and "duly and faithfully perform all the other duties of the office of treasurer." We disagree with plaintiff for two reasons.

First, the language of the bond in question is clear. Township and city treasurers are designated as principals and St. Paul, having issued the bond, is the surety. Wexford County is the only named obligee. Should one of the principals fail to pay over to the Wexford County Treasurer all state and county taxes as required by law, St. Paul is obligated only to Wexford County to answer for the principal's wrongdoing.

Second, when reading the bond in light of the statute, we conclude that the bond in question protects only Wexford County and not plaintiff. Section 43(2) expressly requires that the township or city treasurer "shall give to the county treasurer a bond running to the county in the actual amount of state, county, and school taxes . . . ." Thus the purpose of the bond is to secure a township or city treasurer's obligation to pay tax receipts over to the county. The statute does not require a bond to protect townships or cities. We presume that the Legislature knew the meaning of the language used in drafting the statute and drafted the statute consistent with that meaning, unless a contrary intention is manifested. *General Electric Credit Corp, supra,* p 189; *Advisory Opinion on Constitutionality of 1978 PA 426,* 403 Mich 631; 272 NW2d 495 (1978). Had the Legislature intended that the bond required by § 43(2) protect local governments as well as the county, it could have drafted the statute to expressly require such a bond. However, the Legislature did not do so.

As noted in the circuit judge's opinion dismissing the city's claim against St. Paul, the city's interpretation of § 43(2) would require counties to

provide sureties for all local treasurers, covering any acts of malfeasance, whether tax related or not. We find such an interpretation unreasonable. Section 43(2) is part of the General Property Tax Act, and we conclude the Legislature did not intend that it be interpreted as broadly as the city suggests. Furthermore, to interpret § 43(2) to require a bond that would protect cities in addition to the county would render superfluous the statute requiring city treasurers to give bonds to the city governments as security for the faithful discharge of their duties. See MCL 41.77, 85.11; MSA 5.69, 5.1633.

We find the reasonable interpretation of § 43(2) to be that it requires a bond protecting only the county from any losses or defalcations related to the remittance of the state and county taxes by local treasurers.

In light of the clear meaning of both § 43(2) and the statutory bond issued here, we conclude that the circuit judge properly ruled that the city was not an obligee under the bond issued by St. Paul. Therefore, the circuit judge properly granted St. Paul's motion for summary disposition. We affirm the circuit court order dismissing plaintiff's claim against St. Paul.

II

The city also argues that the trial court erred in dismissing its claim against defendants Wexford County Treasurer, the County of Wexford, and Auto-Owners to recover the $3,567.87 embezzled from the city's 1982 tax receipts. In its complaint, the city alleged that the county treasurer had a duty under § 43(2) to obtain a corporate surety bond indemnifying the city in the event that Carol Ryder breached her official duty to pay over the

1982 tax receipts to the county treasurer and that the county treasurer's failure to obtain such a bond was a proximate cause of the loss the city suffered as a result of Ryder's embezzlement. The city named the County of Wexford as a defendant, alleging that the county was chargeable with the loss occasioned by its treasurer pursuant to MCL 211.91; MSA 7.146. Auto-Owners was joined as a defendant because it had issued a bond covering the Wexford County Treasurer.

Defendants moved to dismiss the complaint for failure to state a claim upon which relief could be granted. The Wexford County Treasurer and the county filed a joint motion pursuant to GCR 1963, 117.2(1), and Auto-Owners filed its motion pursuant to MCR 2.116(C)(8). In deciding the motions, the circuit judge treated both as having been brought under MCR 2.116(C)(8).

A motion for summary disposition alleging failure to state a claim upon which relief could be granted tests the legal sufficiency of the pleadings. In deciding the motion, the lower court accepts as true all well-pleaded facts. The motion should be granted only if the claim is so clearly unenforceable as a matter of law that no factual development could possibly supply a basis for recovery. *Abel v Eli Lilly & Co,* 418 Mich 311, 323-324; 343 NW2d 164 (1984); *Tobias v Phelps,* 144 Mich App 272, 275-276; 375 NW2d 365 (1985).

We find that the circuit judge properly granted defendants' motions and dismissed the city's claims. As noted in our discussion of the dismissal of the city's claim against St. Paul, § 43(2) requires only a bond protecting the county from defaults by local treasurers in remitting the state and county taxes to the county treasurer. The statute does not mandate that a bond for the benefit of townships or cities be provided. Therefore, the city's allega-

tion that the county treasurer had a duty under § 43(2) to provide a bond for the city's benefit was inconsistent with the law. Carol Ryder, as city treasurer, was required to give her own bond to the city conditioned on her faithful discharge of her duties as city treasurer. See MCL 85.11; MSA 5.1633.

In addition, the claim that the county treasurer's failure to provide a corporate surety bond was a proximate cause of the city's loss is without merit. As discussed above, the bond required by § 43(2) protects only the county from losses or defalcations resulting from a local treasurer's misconduct. Such a bond would not indemnify the city for Ryder's acts of embezzlement, which were the cause-in-fact of the city's losses.

Because § 43(2) does not mandate that the county treasurer provide any bond for a township's or a city's benefit, we find that the city's claim against the Wexford County Treasurer is clearly unenforceable as a matter of law. Consequently, Wexford County cannot be charged with the city's loss, and therefore the city's claims against the county and Auto-Owners, as the county's surety, are also unenforceable. We affirm the circuit judge's orders dismissing the claims against those defendants.

Affirmed. Costs to appellees.