R. J. Danhof, J.
Plaintiff Nancy Sullivan appeals as of right from an order that granted defendant North River Insurance Company’s motion for summary disposition pursuant to MCR 2.116(C)(10), thereby dismissing her action for work-loss benefits under the no-fault act, MCL 500.3101 et seq.; MSA 24.13101 el seq.[1] We reverse and remand for further proceedings.
Plaintiff, a New York resident, was injured in an automobile accident in Michigan on June 27, 1994, while she was a passenger. Plaintiff had quit her job on April 30, 1994, to care for her terminally ill son, and planned to move to Michigan to look for a new job after her son’s death. Plaintiff planned to live in an apartment in her daughter’s home in Michigan and *435 was visiting her daughter at the time of the accident. One week after the accident, her son died. Plaintiff moved to Michigan, but did not seek employment, claiming that her injuries from the accident prevented her from working.
Plaintiff filed this action against defendant, the insurer of the vehicle in which plaintiff was injured, claiming that she was entitled to no-fault work-loss benefits. Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), arguing that plaintiff was not entitled to work-loss benefits because she was unemployed at the time of her injury. The trial court granted defendant’s motion for summary disposition, apparently pursuant to MCR 2.116(C)(10), holding that plaintiff had failed to establish a genuine issue of material fact regarding her claim for work-loss benefits. We therefore review the trial court’s decision de novo to determine whether any genuine issue of material fact exists that would prevent entry of judgment in favor of defendant as a matter of law. Morales v Auto-Owners Ins Co, 458 Mich 288, 294; 582 NW2d 776 (1998). Also, resolution of this issue requires statutory interpretation, which is a question of law that is reviewed de novo. Yaldo v North Pointe Ins Co, 457 Mich 341, 344; 578 NW2d 274 (1998).
Work-loss benefits under the no-fault act are available for “loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he or she had not been injured.” MCL 500.3107(1)(b); MSA 24.13107(1)(b). In this case, the question presented is whether plaintiff, who was unemployed at the time of her accident, *436 may still be entitled to work-loss benefits under subsection 3107(l)(b).[2] We hold that the answer is yes.
In MacDonald v State Farm Mut Ins Co, 419 Mich 146, 151; 350 NW2d 233 (1984), our Supreme Court noted that this state’s no-fault act is modeled after the Uniform Motor Vehicle Accident Reparations Act (umvara), and that subsection 3107(l)(b) of our act is “virtually identical” to subsection 1(a)(5) of the umvapa. In addressing the issue whether a person who receives work-loss benefits under the no-fault act is entitled to continuation of those benefits after suffering an unrelated disabling heart attack, the MacDonald Court relied on the following drafter’s comments from subsection 1(a)(5) of the umvapa:
“ ‘Work loss,’ as are the other components of loss, is restricted to accrued loss, and thus covers only actual loss of earnings as contrasted to loss of earning capacity. Thus, an unemployed, person suffers no work loss from injury until the time he would have been employed but for his injury. On the other hand, an employed person who loses time from work he would have performed had he not been injured has suffered work loss. . . . Work loss is not restricted to the injured person’s wage level at the time of injury. For example, an unemployed college student who was permanently disabled could claim loss, at an appropriate time after the injury, for work he would then be per *437 forming had he not been injured. Conversely, an employed person’s claim for work loss would be appropriately adjusted at the time he would have retired from his employment.” [.MacDonald, supra at 151 (emphasis added).]
Given the above, the MacDonald Court clearly recognized that a claimant’s entitlement to work-loss benefits is not dependent on being employed at the time of the accident, but rather whether the claimant can prove that, but for the accident, she would have been employed and, as a consequence, would have suffered actual loss of earnings.[3] In all cases, the claimant bears the burden of proof of actual loss of earnings. See Nasser v Auto Club Ins Ass’n, 435 Mich 33, 49; 457 NW2d 637 (1990).
Here, plaintiff has presented evidence of an extensive work history, including various bookkeep *438 ing/comptroller positions dating from her husband’s death in 1975 until 1991. In 1991, plaintiff went to work for her daughter-in-law in New York, but voluntarily left that position in April 1994 to care for her terminally ill son. According to plaintiff, she planned to move into an apartment in the home of her daughter in Michigan after her son’s imminent death, and then “settle down and look for work.” On June 27, 1994, while visiting her daughter in contemplation of moving to this state, plaintiff was injured in the automobile accident that brought about her claim for wage loss. After her son died on July 4, 1994, plaintiff relocated to Michigan. At deposition, plaintiff explained that she had not applied for any work in Michigan since the accident because her injuries had disabled her from writing, typing, and performing bookkeeping work. Since then, however, she had been helping her son-in-law, who is a real estate appraiser, with light office work, although she complained about having “pain all day and all night in my arm and neck, shoulder.” According to an October 1995 letter from her treating physician, plaintiff should expect to suffer slight to moderate pain on a permanent basis.
Viewing the foregoing evidence most favorably to plaintiff, we conclude that she has demonstrated a genuine issue of material fact whether she would have returned to work had she not been injured, and thereby suffered actual loss of earnings because of her injury. Accordingly, we reverse the trial court’s grant of summary disposition to defendant, and remand for further proceedings.
*439 Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
Hoekstra, P.J., concurred.

 Plaintiff initially filed suit against defendant Crum & Forster Insurance, then amended her complaint to name only defendant North River Insurance Company. Plaintiffs initial claim of appeal was dismissed by this Court for lack of jurisdiction because no order had been entered dismissing plaintiffs claim against Crum & Forster Insurance. Sullivan v North River Ins Co, unpublished order of the Court of Appeals, entered May 15, 1997 (Docket No. 199955). Plaintiff then filed this claim of appeal after correcting the jurisdictional defect. Accordingly, the term “defendant,” as used in this opinion, refers only to North River Insurance Company.

 The no-fault act also provides that “work loss for an injured person who is temporarily unemployed at the time of the accident or during the period of disability shall be based on earned income for the last month employed full time preceding the accident.” MCL 500.3107a; MSA 24.13107(1). Plaintiff acknowledges that, because her unemployment was voluntary and not due to the unavailability of work, she was not “temporarily unemployed” for purposes of work-loss benefits under § 3107a. See MacDonald v State Farm Mut Ins Co, 419 Mich 146, 153; 350 NW2d 233 (1984) (holding that “temporarily unemployed” referred to “the unavailability of employment, not the physical inability to perform work”). Plaintiffs claim for work-loss benefits admittedly relies entirely on subsection 3107(1)(b).

 In Popma v Auto Club Ins Ass’n, 446 Mich 460, 462-463; 521 NW2d 831 (1994), the Michigan Supreme Court addressed the question whether a person working less than full-time is “temporarily unemployed” as that term is used in MCL 500.3107a; MSA 24.13107(1). The Court strongly suggested, in addressing the “inteiplay” between § 3107a and subsection 3107(l)(b), that entitlement to work-loss benefits under the latter provision is dependent on whether a “claimant is working at the time of the accident,” id. at 466, and that a temporarily unemployed claimant may recover work-loss benefits under the former provision when unemployment automatically precludes benefits under the latter, id. at 469. Because Popma was a § 3107a case, we find its discussion of subsection 3107(1)(b) to be obiter dictum. While this Court normally accords deference even to Supreme Court dictum, we cannot do so in this case given the jarring inconsistency between the Popma Court’s suggestion that work-loss benefits under subsection 3107(l)(b) are precluded unless the irvjured claimant is employed at the time of the accident and its express approval of the MacDonald Court’s holding that “[w]ork-loss benefits are not necessarily restricted to a claimant’s wage at the time of the accident.” Popma, supra at 472, citing MacDonald, supra at 151. Rather than distancing itself from the MacDonald Court’s reliance on the umvara commentary to distill legislative intent, the Popma Court expressed its approval. Thus, under the circumstances, we consider the Popma dictum to be neither binding nor persuasive as it may relate to the facts of this case.