# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM BREWART,

Plaintiff-Appellant,

UNPUBLISHED
December 20, 2016

v

No. 328022
Wayne Circuit Court
LC No. 13-010811-NF

MID-CENTURY INSURANCE COMPANY,

Defendant-Appellee.

Before: GADOLA, P.J., and FORT HOOD and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant's motion for summary disposition in this claim for personal injury protection (PIP) benefits. At issue on appeal is the viability of plaintiff's claim for work loss benefits pursuant to MCL 500.3107.

Plaintiff opened Brewart & Sons, LLC, on October 14, 2012, with his son. Approximately four weeks later, on November 9, 2012, plaintiff was in a car accident. Plaintiff claims that he managed the LLC, and was paid wages of $3,000 per month. Because plaintiff could not work, he requested work loss benefits from defendant, his insurer. While defendant originally paid plaintiff some benefits, it eventually stopped payment. The trial court granted summary disposition to defendant and plaintiff appeals.[1]

Plaintiff argues that the trial court erred in deciding that plaintiff was not entitled to work loss benefits. Plaintiff complains that the trial court erroneously based its decision on the profit of plaintiff's business, and not the wages lost by plaintiff after the accident. Plaintiff further asserts that no question of fact exists regarding whether he is entitled to work loss benefits, so he should be granted summary disposition. Ultimately, we disagree and conclude that the trial court

---

[1] Defendant challenges jurisdiction in this case. While defendant concedes that the order granting summary disposition was appealable as of right, it argues that plaintiff has not established jurisdiction because his brief referenced "MCR A(1) and A(2)." However, it is clear that this was a mere typographical error. Because defendant does not contest the merits of whether plaintiff has jurisdiction, merely emphasizing one of plaintiff's many typographical errors, we are not convinced that this Court lacks jurisdiction.

did not err in granting defendant summary disposition because plaintiff failed to show entitlement to work loss benefits.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 245; 590 NW2d 586 (1998). A motion for summary disposition under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id.*[2]

MCL 500.3107(1)(b) provides that PIP benefits are payable for "[w]ork loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he or she had not been injured." "[W]ork loss benefits are available to compensate injured persons for the income they would have received but for their accidents. Accordingly, a party seeking work loss benefits under [MCL 500.3107(1)(b)] must show actual loss; a mere loss of earning capacity is not sufficient." *Davis v State Farm Mut Auto Ins Co*, 159 Mich App 734, 738; 407 NW2d 1 (1987). Damages for loss of earning capacity, "wages a person 'could have' earned but for the accident," are not compensable pursuant to MCL 500.3107(1)(b). *Hannay v Dep't of Transp*, 497 Mich 45, 79-80; 860 NW2d 67 (2014) (citation omitted).

---

[2] Plaintiff argues that a different standard of review applies because the trial court misapplied the law. However, in rendering its decision, the trial court referenced evidence outside of the record, and granted summary disposition. As stated above, where the "evidence fails to establish a genuine issue regarding any material fact, the moving party *is entitled to judgment as a matter of law.*" *Id*. (emphasis added). In rendering a decision on summary disposition, the court necessarily applies the law to the facts. Thus, this issue is properly reviewed as a motion granting summary disposition pursuant to MCR 2.116(C)(10). Plaintiff alleged that defendant's arguments on appeal were unpreserved for the same reason. We likewise reject plaintiff's argument in that regard. Plaintiff's attempts to categorize the court's holding as anything other than the grant of summary disposition pursuant to MCR 2.116(C)(10) are flawed. Plaintiff also argues that this Court should hold that the trial court erred in not granting plaintiff summary disposition sua sponte pursuant to MCR 2.116(I)(2), even though that was not addressed in the trial court. Even assuming plaintiff were correct in his above assertions regarding the standard of review and preservation, we could equally conclude that that the trial court should have granted summary disposition to defendant based on MCR 2.116(I)(2), further cutting against plaintiff's convoluted, technical claims.

"The plaintiff bears the burden to prove the damages sought by a preponderance of the evidence." *Id*.; see also *Sullivan v North River Ins Co*, 238 Mich App 433, 437; 606 NW2d 383 (2000) (holding that "the claimant bears the burden of proof of actual loss of earnings."). In accordance with case law, specific proof is necessary to demonstrate how much money a person would have made to be eligible for work loss damages. See *Swartout v State Farm Mut Auto Ins Co*, 156 Mich App 350, 354; 401 NW2d 364 (1986). Our Supreme Court has cautioned:

> Because work-loss damages are intended to replace the income a person would have received but for the accident, prior wages generally are the most relevant and reliable evidence for determining what a plaintiff actually would have earned had the accident not occurred. Only in certain circumstances may a plaintiff recover work-loss damages for wages he or she could not have earned before the accident, i.e., wages that are not based on the plaintiff's wage history. While the statute by its terms does not limit a plaintiff's work-loss award to the plaintiff's wages at the time of the accident, courts must be cautious in considering wages that the plaintiff could not have earned before the accident in calculating a work-loss award because of the risk that a calculation based on such wages will be contingent and speculative and, therefore, barred under Michigan law. [*Hannay*, 497 Mich at 82 (citations omitted).]

Initially, we note that plaintiff produced no evidence to support his work loss claim. As noted by the trial court, plaintiff attached no documentary evidence in response to the motion for summary disposition. The trial court held that plaintiff failed to file a responsive brief pursuant to MCR 2.116(G)(4). However, it appears that plaintiff relied primarily on the documentary evidence submitted by defendant to establish his case. Accordingly, we address the merits of plaintiff's claim.

We first note that we disagree with the manner in which plaintiff frames the trial court decision and the issue on appeal. Plaintiff argues that the effect of the trial court's ruling was that when a claimant is employed by an LLC the claimant owns, the amount of work loss available to the claimant depends on whether the LLC made a business profit at the end of the year. We disagree that the trial court made such a firm, expansive rule in rendering its decision. In considering the definition of work loss and the proper analysis, a determination requires the court to consider whether plaintiff would have earned the claimed income but for the accident. Plaintiff bears the burden of showing *actual* loss of earnings. *Hannay*, 497 Mich at 79-80. Contingent and speculative proof of income is not sufficient. *Id.* at 82. Based on the specific circumstances and evidence presented here, or rather lack thereof, we do not agree the trial court erred in considering the LLC's end-of-year losses.

Plaintiff fails to fully accept the circumstances presented by his alleged business and claim for work loss. The LLC at issue was formed on October 14, 2012. Plaintiff's accident occurred on November 9, 2012. Thus, the LLC was operational for only four weeks before plaintiff's accident. Plaintiff claims that he was paid wages of $1,500 every two weeks for managing the business. Frankly, the documentary evidence supporting this claim is weak and troubling. Indeed, while plaintiff claims to have made over $26,000 in profit during the four weeks the business was operational, there was no documentation of any sales. All documentation related to the LLC is based merely on plaintiff's own averments. By way of

example, consider the sales sheet submitted to defendant during discovery which was merely plaintiff's own summary of sales, supported with no details or records. The infancy of the LLC and the lack of documentation required the court to look at additional circumstances to evaluate plaintiff's work loss claim, leading the court to consider the LLC's tax return and business loss in 2012. The report prepared by defendant's certified public accountant (CPA) further supports this approach. The report provided that "since [plaintiff was] the primary owner of the business, his work loss benefits should be based upon the income he would have earned as the owner, had it not been for the accident. As discussed throughout this report, there [were] significant issues in this matter, resulting in our inability to verify any of the claimed earnings from either the business or [plaintiff.]"

Based on the overall loss to the business, as well as plaintiff's own testimony, we are not convinced that plaintiff would have actually paid himself the claimed wages prior to having the accident. Initially, we note that the circumstances of plaintiff's allegations regarding the business are suspicious. Despite the claims of profit, minimal deposits were made in the business's bank account.[3] Further, the alleged wages plaintiff was paid were not issued or deposited until after his accident occurred. These facts not only fail to support plaintiff's claim for work loss, but suggest that plaintiff's claims of "actual income" were indeed speculative.

Furthermore, plaintiff admitted during his deposition that his wages would depend on whether he was making a profit. "If it was not making a profit, how could I pay myself[?]" While plaintiff vehemently argues against using the business's losses as a basis for determining the validity of his work loss claim, his own statement directly mirrors the same logic he argues against. Plaintiff's very new business ultimately lost money based on the income tax returns. The trial court held that this cut against plaintiff's claim that he would have earned the wages claimed, a holding reinforced by plaintiff's own testimony. Plaintiff does not agree the trial court should have considered the business's loss, but, as explained, we do not agree that the loss to the business was an inappropriate consideration. While perhaps such a consideration may not be appropriate in every case, it was certainly relevant here, where the evidence was lacking.[4] Ultimately, the law requires plaintiff to produce actual proof that he would have earned the income at issue, which plaintiff lacked. Accordingly, the trial court did not err in granting defendant summary disposition because plaintiff failed to show entitlement to work loss benefits.

Affirmed.

/s/ Michael F. Gadola
/s/ Karen M. Fort Hood
/s/ Michael J. Riordan

---

[3] In his deposition, plaintiff explained that he kept the cash profits on hand for expenses incurred from the startup of the business.

[4] Defendant argues that MCL 450.4307 supports the trial court's holding. Because this argument was raised for the first time on appeal, and there were other grounds for affirming the trial court's order, we decline to address the applicability of MCL 450.4307.